## Ellis v. Sparks.

(Decided June 25, 1926.)

Appeal from Bell Circuit Court.

1. Ejectment.—Evidence of special master's deed held not to trace title to land sought to be recovered in ejectment to common source or to relieve plaintiff of necessity of tracing title to Commonwealth.

2. Champerty and Maintenance.—Possession of occupant, declaring to prospective purchaser that he claimed only land called for by his deed, held amicable and not adverse as to other land inclosed, and occupant cannot defend ejectment by such purchaser on ground that purchase was champertous.

E. N. INGRAM for appellant.

JAS. M. GILBERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

This ejectment action was filed in the Bell circuit court by appellee and plaintiff below, J. J. Sparks, against appellant and defendant below, Emmit Ellis, whereby plaintiff sought to recover from defendant about 3½ acres of land on Straight Creek in Bell county. Defendant denied plaintiff's title and asserted title in himself, and by another paragraph he alleged that he was in the adverse possession of the land in controversy at the time plaintiff obtained his deed and that he, at that time, had the land under fence claiming it as his own against the world, and that plaintiff's deed was champertous and void. The reply denied defendant's title and pleaded certain facts occurring between defendant and plaintiff's vendor at the time the latter purchased the land, which it is insisted destroyed defendant's adverse holding which he asserted as rendering the deed to plaintiff's vendor champertous. Upon trial under the instructions given by the court the jury returned a verdict for plaintiff, and

defendant's motion for a new trial having been overruled, he prosecutes this appeal.

Numerous grounds constituting alleged errors were contained in the motion for a new trial, but the chief one argued in this court is that the court erred in not sustaining defendant's motion for a peremptory instruction in his favor because, (a) plaintiff failed to trace title to the Commonwealth, and (b), plaintiff's deed was shown to be champertous.

It is true, and admitted by plaintiff, that he did not trace his title back to the Commonwealth, but he insists that both himself and defendant trace their respective titles to one common source, the Continental Coal Corporation, and that being true, under the well established rule in this state it was unnecessary for him to trace his title beyond the common source. If the facts sustained plaintiff's contention as to the common source of his and defendant's title, then no fault could be found with his insistence that he was relieved of tracing his title to the Commonwealth; but we do not find the facts to support his insistence.

The undisputed proof is that one of the remote vendors of defendant was the Continental Coal Corporation, but we do not find from the record that it ever owned or held title to any of the land described in plaintiff's deed, which included the small quantity in controversy. His immediate vendor was Frank Mills, and his vendor was J. H. Swartz. The latter obtained title from the Liberty Coal and Coke Company, which in turn obtained its title under a deed executed by a special commissioner appointed by the United States district court for the eastern district of Kentucky in litigation pending in that court, but the record of which is not here, nor is there any kind of proof in the record to show what that litigation was about. However, it is proven that the deed executed by the special commissioner in that case to the Liberty Coal & Coke Company included the 3½ acres of land in controversy, but it nowhere appears that the Continental Coal Corporation was a party to the litigation, or that the land decreed to be sold in that case, and which the special commissioner did sell, was ever owned by the Continental Coal Corporation. The only thing appearing in the record in any wise bearing upon those matters is the caption to the special commissioner's deed, and it says: "This deed of conveyance made this 20th day of September, 1918, between T. R. Preston, F. M. Martin,

M. S. Barker, A. G. Stith, constituting a reorganization committee of the Continental Coal Corporation under the reorganization agreement executed on the 25th day of April, 1926, all by James M. Gilbert, special master, appointed by the United States district court for the eastern district of Kentucky, C. M. Preston, trustee in bankruptcy and the Federal Coal Company, a corporation organized and existing under the laws of Delaware, parties of the first part, and the liberty Coal & Coke Company, incorporated, organized and existing under the laws of the state of Virginia and the Federal Coal Company, a corporation organized and existing under the laws of Delaware, parties of the second part, witnesseth, etc.'' It will be noticed that, so far as the recitation is concerned, only the members of a reorganization committee of the Continental Coal Corporation were parties, and one Preston, ''trustee in bankruptcy,'' and the Federal Coal Company were vendor parties to that deed. Whether the reorganization committee was a party to the litigation, or if so, whether it had title to the land is not shown, nor is it made to appear from the inserted language or otherwise for whom Preston was trustee in bankruptcy. If, therefore, the Continental Coal Corporation ever owned the title now claimed by plaintiff it is not shown anywhere in the record that it was ever divested of that title, or that any of plaintiff's remote vendors ever acquired it, and for that reason the court erred in not sustaining the motion for a peremptory instruction under reason (a).

As the record now stands we do not find it to sustain reason (b) above. The proof showed that when Swartz purchased the land in controversy from the Liberty Coal & Coke Company he had a conversation with defendant, who then had it under fence, and in that conversation defendant admittted, in substance, that, although he had the land enclosed, he was claiming only what his deed called for, and said to Swartz: ''You just as soon sell to me as anybody else,'' and under those circumstances Swartz made his purchase, which included many acres more than the 3½ in controversy; and that afterwards defendant did not deny Swartz's title but stated that he ''was not in shape to buy'' as he had indicated he would do before the purchase was made. Defendant neither testified in the case nor introduced any witness in his behalf, and the testimony of Swartz, who was corroborated by two other witnesses, stands uncontradicted. We

construe the facts so testified to as an acknowledgment by defendant that the then holding by him of the land in controversy was amicable and not adverse to the title of the Liberty Coal & Coke Company, the vendor of Swartz. Unless, therefore, he did something after that time to convert the amicable holding into a hostile and adverse one it continued to be amicable up to and including the time of plaintiff's deed.   No such change in his so admitted amicable holding was proven upon the trial, and that being true he was not under the proof adversely holding the land in controversy at the time plaintiff obtained his deed, but was holding it amicably to the title thereby conveyed.   We, therefore, conclude that reason (b) was and is not available as a defense under the facts as they appear in this record.

But, for the reasons above stated, the judgment must be and it is reversed, with directions to set it aside and to sustain the motion for a new trial, and for proceedings consistent with this opinion.